UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEN SILVEUS,<br><br>          Plaintiff,<br><br>          v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS, et al.,<br><br>          Defendants. | Civil Action No. 22-CV-11064-AK |

**ORDER**

**A. KELLEY, D.J.**

*Pro se* plaintiff Ben Silveus ("Plaintiff" or "Silveus") brings this action against the Commonwealth of Massachusetts, Massachusetts Governor Charlie Baker, Massachusetts Attorney General Maura Healey, and the City of Brockton (collectively, "Defendants") in which he asserts claims under the Racketeer Influenced and Corrupt Organizations ("RICO") statute, see 18 U.S.C. §§ 1961–1968; 18 U.S.C. § 1951; Mass. Gen. Laws ch. 268A, § 2; and for negligence. Silveus has also filed two motions for leave to proceed *in forma pauperis*. For the reasons set forth below, the Court **GRANTS** the motions to proceed *in forma pauperis* [Dkts. 2 and 4] and directs Silveus to file an amended complaint if he wishes to proceed with this action.

    **I.**    **Motions for Leave to Proceed** *in Forma Pauperis*

Upon review of Silveus' motions for leave to proceed *in forma pauperis*, the Court concludes that he is unable to prepay the filing fee and **GRANTS** the motions [Dkts. 2 and 4].

II.     **Review of the Complaint**

   A.     **Court's Authority to Conduct a Preliminary Review of the Complaint**

When a plaintiff is allowed to pursue an action in federal court *in forma pauperis*, summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2). This statute authorizes a federal court to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The Court liberally construes the complaint because Silveus is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

   B.     **Silveus' Previous Lawsuit**

Silveus' present action must be viewed through the lens of an action he filed through counsel in 2014 in Plymouth Superior Court against the City of Brockton and three of its police officers. The defendants in that case subsequently removed the case to another session of this Court. See Silveus v. City of Brockton, 14-10914-NMG (D. Mass.).[1]

In the complaint in that action [see Silveus v. City of Brockton, 14-10914-NMG (D. Mass.) Dkt. 5 at 3–23], Silveus alleged that, on April 30, 2012, Brockton Police Officers stopped him for allegedly driving over the speed limit. Silveus was driving a rental car. Silveus claims that the officers would not accept the documentation he provided them showing that he was authorized to drive the car. The police officers then allegedly impounded the vehicle and assaulted Silveus, after which he alleges false criminal charges against him ensued.[2]

---

[1] The Court takes judicial notice of Silveus' previously filed case. See Law Offices of David Efron v. Matthews & Fullmer Law Firm, 782 F.3d 46, 56 n.7 (1st Cir. 2015).
[2] The defendants in the 2014 case filed a motion in limine which indicated that Silveus had been charged with disorderly conduct and resisting arrest, and that he had been found not guilty. [See Silveus v. City of Brockton, 14-10914-NMG (D. Mass.) Dkt. 38].

On May 10, 2016, the parties filed a document in which they stipulated that the action be dismissed with prejudice and that all rights of appeal were waived. [Dkt. 49].

C. **Complaint in this Action**

The complaint in this action [Dkt. 1 ("Compl.")] is not a model of clarity. It is difficult for the Court to discern the alleged misconduct of each defendant and the allegations are largely conclusory. It appears that Silveus is alleging that at some point, Silveus contacted the City of Brockton, including its mayor Bill Carpenter, and asserted that he had not settled the 2014 lawsuit and that the settlement amount was improper. Silveus alleges that the City of Brockton retaliated against him for making this assertion by illegally surveilling him and bringing false criminal charges against him.

Silveus further claims that the Commonwealth of Massachusetts and Governor Baker were aware of the alleged misconduct of the City of Brockton, including its supposed retaliation against the plaintiff. Silveus claims that, notwithstanding that knowledge, Governor Baker and the Commonwealth gave the municipality a $10 million "bailout." [Compl. at 15]. Silveus alleges the City of Brockton misused these funds even though it owed Silveus "payout." [Id.]

Silveus asserts the following claims: a RICO claim against the Commonwealth, id. at 13–18; a claim for negligence against the Commonwealth, Governor Baker, and Attorney General Healey, id. at 18–22; a claim under 18 U.S.C. § 1951 against the Commonwealth, id. at 22–26; and claims under Mass. Gen. Laws ch. 268A, § 2 against the Commonwealth, Governor Baker, and Attorney General Healey, id. at 26–33.

III. **Discussion**

To state a claim for relief, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Upon careful

3

review of Silveus' complaint, the Court concludes that his complaint fails to fulfill this requirement. However, instead of dismissing this action, the Court will give Silveus an opportunity to file an amended complaint.

### A. Silveus' Complaint Fails to Provide a "Plain" Statement of the Claim

The "fundamental purpose" of the requirement that a complaint contain a "short and plain" statement of a claim "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015 (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original) (citation omitted)).

In addition, a plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Id. The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

As noted above, Silveus' complaint does not contain a "plain" statement of his claim. The pleading is very difficult to understand. The meaning of many of the phrases cannot be discerned. In addition, his claims of alleged misconduct are largely conclusory. For example, while he claims that he was retaliated against, he does not provide specific factual allegations to support that assertion. Further, he claims that the Commonwealth, Governor Baker, and Attorney General Healey were aware of the alleged fraud committed by the City of Brockton, but he fails to make any specific factual allegations from which the Court may reasonably infer that

these three defendants had knowledge of the alleged wrongdoings of the municipality. Silveus alleges that Defendants retaliated against him for informing the City of Brockton that he had not settled the 2014 lawsuit, but any allegations about specific instances of alleged retaliation are so vague or convoluted that they do not provide a plain statement of his claim. In addition, the complaint is largely devoid of the dates of the alleged misconduct of the defendants.

In short, the complaint neither provides the defendants with adequate notice of their alleged misconduct, nor permits the Court to reasonably infer that the defendants acted unlawfully.

**B.      Silveus Is Bound by the Settlement Agreement in the 2014 Case**

Although Silveus claims that he did not settle the 2014 case, he is nonetheless bound by the agreement, which resulted in the parties—including Silveus and the City of Brockton—filing a stipulation in that case that the action be dismissed with prejudice. Any claim premised solely on the assertion that the settlement agreement was not valid fails as a matter of law. Whether Silveus's counsel was authorized to settle the case or that the settlement amount was proper are not matters for this Court.

**C.      A RICO Claim Cannot Be Asserted Against a State**

The Eleventh Amendment of the United States Constitution generally is recognized as a bar to suits in federal courts against a state, its departments, and its agencies, unless the state has consented to suit or Congress has overridden the state's immunity. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007). The RICO statute does not override a state's Eleventh Amendment immunity, see, e.g., Bair v. Krug, 853 F.2d 672, 674–75 (9th Cir. 1988); Triangle v. Massachusetts, No. 15-CV-11613-IT, 2016 WL 11000794 (D. Mass. Jan. 19, 2016); Naples v.

Stefanelli, 972 F. Supp. 2d 373, 391 (E.D.N.Y. 2013); Vierria v. California Highway Patrol, 644 F. Supp. 2d 1219, 1232 (E.D. Cal. 2009), and the Commonwealth has not waived the same.

    **D.**     **There Is No Private Right of Action Under 18 U.S.C. § 1951**

Section 1951 of Title 18 of the United States Code imposes criminal liability on anyone who "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section." 18 U.S.C. § 1951(a). A federal prosecutor may initial criminal proceedings against a person who has allegedly violated this law. The statute does not, however, allow a private party to bring a lawsuit against someone for the same conduct. See, e.g., Abcaria v. Levine, 972 F.3d 1019, 1026 (9th Cir. 2020); Standard v. Nygren, 658 F.3d 792, 794 (7th Cir. 2011). Thus, Silveus' RICO claim fails to state a claim upon which relief may be granted.

    **E.**     **Eleventh Amendment Immunity Precludes Tort Claims**

Silveus' tort claims against the Commonwealth, Governor Baker, and Attorney General Healey are barred by the state's immunity under the Eleventh Amendment to the U.S. Constitution. The Massachusetts Tort Claims Act ("MTCA") provides the exclusive remedy for injury caused by a public employee acting within the scope of his office or employment. See Mass.Gen. Laws ch. 258, § 2. An action under the MTCA must be brought against the public employer, see id., which, for claims concerning the alleged misconduct of Governor Baker or Attorney General Healey, would be the Commonwealth. However, the Commonwealth has not waived its Eleventh Amendment immunity with regard to MTCA claims. See Irwin v. Comm'r of Dep't of Youth Servs., 388 Mass 810, 821 (Mass. 1983).

## IV. Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The motions for leave to proceed *in forma pauperis* are **GRANTED**.

2. If he wishes to proceed with this action, Silveus shall, within thirty-five (35) days of the date of this order, file an amended complaint which cures the above-identified pleading deficiencies of the original complaint. Failure to comply with this directive will result in dismissal of the action.

3. In light of the Court's directive to file an amended complaint, Silveus' motion to file a supplemental pleading [Dkt. 5] shall be terminated as moot.

**SO ORDERED.**

October 14, 2022                                                                 /s/ Angel Kelley
                                                                                                ANGEL KELLEY
                                                                                                U.S. DISTRICT JUDGE