## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEN SILVEUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-CV-11064-AK |
| ) | |
| COMMONWEALTH OF ) | |
| MASSACHUSETTS, et al., ) | |
| ) | |
| Defendants. ) | |

## <u>ORDER</u>

**A. KELLEY, D.J.**

*Pro se* plaintiff Ben Silveus ( "Silveus") brings this action against the Commonwealth of Massachusetts, Massachusetts Governor Charlie Baker, Massachusetts Attorney General Maura Healey, and the City of Brockton (collectively, "Defendants") in which he asserts claims under the Racketeer Influenced and Corrupt Organizations ("RICO") statute, <u>see</u> 18 U.S.C. §§ 1961–1968; 18 U.S.C. § 1951; Mass. Gen. Laws ch. 268A, § 2; and for negligence. For the reasons set forth below, the Court will order that this action be dismissed.

In an order dated October 14, 2022 [Dkt. 6], the Court granted Silveus' motions for leave to proceed *in forma pauperis* and directed Silveus to file an amended complaint which cured pleading deficiencies identified by the Court. The Court had found that the complaint failed to state a claim upon which relief could be granted because: (1) it did not provide a "plain" statement of his claim because the complaint was difficult to understand, did not give the defendants adequate notice of the allegations against him, and the allegations of wrongdoing were largely conclusory; (2) Silveus was bound by a 2014 settlement agreement with the City of

Brockton; (3) a RICO claim cannot be asserted against a state; (4) 18 U.S.C. § 1951 does not provide a private right of action; and (5) tort claims against the Commonwealth, Governor Baker, and Attorney General Healey are precluded by the Commonwealth's Eleventh Amendment immunity from suit in a federal court.

The Court has since learned that, prior to the issuance of its order on the afternoon of October 14, 2022, on the morning of the same day, Silveus visited the Clerk's office in person and asked why documents he had submitted on or about September 27, 2022 had not been entered on the docket of this case. The documents in question were docketed on September 28, 2022 in *Silveus v. City of Brockton*, C.A. No. 22-11069 (which, at the time, was assigned to Magistrate Judge Paul G. Levenson) [Dkts. 6, 7]. When the Clerk received the document, it was unclear in which case or cases Silveus intended for the document to be filed because the first paragraph of one page indicated that the document was in response to Judge Levenson's order to show cause why *Silveus v. City of Brockton*, C.A. No. 22-11069 should not be dismissed, and the show cause order in this action had not yet been issued. Upon Silveus' request, the Clerk docketed the same papers in a single docket entry of the present action. [Dkt. 5].

Silveus responded to the Court's order to file an amended complaint on October 31, 2022. [Dkt. 7]. Silveus' response is not an amended complaint, but rather a "Motion to Proceed Supplemental Pleading Show of Cause" (spelling standardized). In this motion, Silveus argues, *inter alia*, that deficiencies in his complaint were in part the result of the Clerk's alleged intent to sabotage his cases by not docketing in this case his filings that the Clerk docketed in *Silveus v. City of Brockton*, C.A. No. 22-11069. Contrary to Silveus' suggestion, there was no misconduct by the Clerk's office in the docketing of these papers.

In examining the sufficiency of Silveus' claims, the Court considers the original complaint [Dkt. 1], the "Motion to Proceed Supplemental Pleading Show of Cause" [Dkt. 7], and

the papers docketed in this case on September 27, 2022 [Dkt. 5] (those that had already been docketed in *Silveus v. City of Brockton*, C.A. No. 22-11069).[1]  Upon review of these documents, the Court finds that Silveus has not cured the pleading defects identified in the Court's October 14, 2022 order, and that, consequently, the Court must dismiss this action for failure to state a claim upon which relief may be granted.[2]

Accordingly, this Court orders that this action be DISMISSED for the reasons articulated in its October 14, 2022 order.

**SO ORDERED.**

December 5, 2022                                        _____/s/ Angel Kelley_____
                                                                    ANGEL KELLEY
                                                                    U.S. DISTRICT JUDGE

---

[1] Because an amended complaint completely replaces an original complaint, the Court cannot construe Silveus' October 31, 2022 "Motion to Proceed Supplemental Pleading Show of Cause" as an amended complaint.  In the interest of justice, the Court considers the sufficiency of Silveus' claim by taking into account all the pleadings Silveus has filed in this action.

[2] In reaching this conclusion, the Court is not making a determination concerning the legality of the defendants' alleged conduct.  The Court takes no position on the matter.  Rather, the Court finds that (1) it cannot reasonably infer from any specific factual allegations that the defendants are liable; and (2) even if Silveus' factual allegations were more robust, some claims are barred as a matter of law.